Submitted September 19, paragraphs 3B and 3C of general judgment reversed; otherwise affirmed October 29, 2014

GARY M. BULLOCK & ASSOCIATES, PC,
*Plaintiff-Respondent,*

*v.*

Joseph LEAR,
*Defendant-Appellant,*
*and*

L & M PROPERTIES,
*Defendant.*

Multnomah County Circuit Court
120303294; A154286

338 P3d 790

Bronson D. James and Bronson James, LLC, filed the brief for appellant.

Colin M. Murphy and Gary M. Bullock and Associates, P.C., filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Defendant Lear appeals a general judgment in favor of plaintiff Gary M. Bullock and Associates, PC, that, among other things, voided a deed transferring real property in the state of Washington from Lear to defendant L & M Properties and placed a lien on that property. Lear contends on appeal that the trial court erred in granting that relief because, under ORS 14.030, the court lacked authority to grant relief that directly affected title to real property located outside of Oregon.[1] Plaintiff concedes the error. We agree, and accept plaintiff's concession.

ORS 14.030 provides that, when an Oregon "court has jurisdiction of the parties, it may exercise [its jurisdiction over them] in respect to any cause of action or suit wherever arising, except for the specific recovery of real property situated without this state, or for an injury thereto." Here, plaintiff alleged a claim against defendants under the Uniform Fraudulent Transfers Act that sought, among other things, to void Lear's conveyance of the Washington property to L & M and to place a lien in favor of plaintiff on the property. The trial court granted the requested relief on plaintiff's fraudulent-transfer claim, which relief is embodied in paragraphs 3B and 3C of the court's judgment. As plaintiff now concedes, the court lacked authority to grant that relief because ORS 14.030 denies to Oregon courts the authority to directly affect title to property located outside of Oregon. Accordingly, we reverse those portions of the judgment.

Paragraphs 3B and 3C of general judgment reversed; otherwise affirmed.

---

[1] Lear did not raise that issue before the trial court. Nonetheless, a party may raise a jurisdictional defect for the first time on appeal. *R.C.D. v. M.T.N.*, 192 Or App 1, 84 P3d 819 (2004).